15-1318
*Andersen v. North Shore Long Island Jewish Health System's Zucker Hillside Hospital*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of January, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                   *Chief Judge*,
             DENNIS JACOBS,
             RICHARD C. WESLEY,
                   *Circuit Judges.*

_____

LAUREN ANDERSEN,

        *Plaintiff-Appellant*,

        - v -                                          No. 15-1318-cv

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM'S ZUCKER
HILLSIDE HOSPITAL, JOSEPH M.
SCHULMAN, DR. ALAN J.
MENDELOWITZ, DR. PAUL PANKAL,
DR. LYUDMILA KARLIN, DR.
HARSIMRAN BRAR, DR. LAUREN
HANNA, NURSE CATHERINE AMES,
NURSE SOOSAMMA KOMPANCARIL,
NURSE ABRAHAM LOPEZ,
PSYCHOLOGIST SHVETA MITTAL,
CITY OF NEW YORK, comprising of the
New York Police Department and the Fire
Department of New York's Emergency

Medical Services, and individual employees,
PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, JOHN DOE
OFFICER 12-1049 (officer known as "P.O.
Corwin 2524"), T.C. CARBANARO, JANE
DOE 12-1049 (officer known as
"Liantonio"), LT. MICHELLE SERRANO,
UNITEDHEALTHCARE COMMUNITY
PLAN, and JOHN and JANE DOES, #1–10,

  *Defendants-Appellees*,

De LESLEY LIA, personally and in her
official capacity as Director, Mental
Hygiene Legal Services, BRIAN
WELLINGTON, Attorney, Mental Hygiene
Legal Services, Second Judicial Department,
ANDREW CUOMO, in his official capacity
as Governor of the State of New York, BILL
de BLASIO, in his official capacity as
Mayor of the City of New York, NYPD
DET. MICHAEL T. O'BRIEN, NYPD LT.
ANTOINETTE PETRUZZELLO, JOHN
DOE 12-1049 (FDNY–EMS technician
known as "Frank 50"),

  *Defendants*.[*]

| For Plaintiff-Appellant: | Kevin T. Mulhearn, Orangeburg, NY. |
|---|---|
| For Defendants-Appellees North Shore Long Island Jewish Health System's Zucker Hillside Hospital, Joseph M. Schulman, Dr. Alan J. Mendelowitz, Dr. Paul Pankal, Dr. Lyudmila Karlin, Dr. Harsimran Brar, Dr. Lauren Hanna, Nurse Catherine Ames, Nurse Soosamma Kompancaril, Nurse Abraham Lopez, Psychologist Shveta Mittal, and John and Jane Does, #1–10: | Jonathan B. Bruno, Kaufman Borgeest & Ryan LLP, New York, NY. |

---

[*] The Clerk of the Court is directed to amend the caption to conform to the above.

| | |
|---|---|
| For Defendant-Appellee City of New York: | Amanda Sue Nichols, *for* Zachary W. Carter, Corporation Counsel, New York City Law Department, New York, NY.[†] |
| For Defendants-Appellees Port Authority of New York and New Jersey, John Doe officer 12-1049 (officer known as "P.O. Corwin 2524") T.C. Carbanaro, Jane Doe officer 12-049 (officer known as "Liantonio"), Lt. Michelle Serrano: | James M. Begley, Port Authority of New York and New Jersey, New York, NY.[‡] |
| For Defendant-Appellee UnitedHealthcare Community Plan: | John T. Seybert, Sedgwick LLP, New York, NY.[§] |

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

In 2011, plaintiff Lauren Andersen was involuntarily committed to North Shore Long

Island Jewish Health System's Zucker Hillside Hospital (the "Hospital") following an incident at

JFK Airport. The Hospital kept her for psychiatric treatment for 18 days. After she was released,

Andersen sued the Hospital and various individuals involved in her confinement, alleging

violation of her rights under 42 U.S.C. § 1983 and discrimination under the Americans with

Disabilities Act of 1990 ("ADA") and the Rehabilitation Act, along with a number of state law

claims. The district court dismissed all of her federal law claims and declined to exercise

---

[†] Counsel advised the Court by letter that the City of New York did not intend to file a brief in this appeal because the plaintiff waived the right to appeal her claims against the City.
[‡] Counsel advised the Court by letter that the Port Authority of New York and New Jersey was never properly served, and therefore did not participate in the district court proceedings. The Port Authority did not participate in this appeal.
[§] Counsel advised the Court by letter that UnitedHealthcare Community Plan would not participate in this appeal because the plaintiff waived the right to appeal her claims against United.

jurisdiction over her state law claims. It found that because the Hospital is a private institution and the doctors and nurses involved in her care are private actors, Andersen could not pursue a claim of unlawful *state* action under § 1983. The court also determined that Andersen had not plausibly alleged that her treatment had been motivated by bias, as required to find discrimination under the ADA or the Rehabilitation Act.

After reviewing Andersen's complaint *de novo*, we conclude that the district court correctly held that Andersen may not pursue a claim under § 1983. As this Court recently held in a case with nearly identical facts, "the forcible medication and hospitalization of [a plaintiff] by private health care providers can[not] fairly be attributed to the state" for purposes of § 1983. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1703 (2015). Likewise, because Andersen "has not plausibly alleged that Defendants forcibly medicated and hospitalized her on the basis of considerations that were 'unrelated to' or 'improper to consideration of' the likelihood that she posed a danger to herself or others," "she has not stated a claim of discrimination under the [ADA or the] Rehabilitation Act." *Id.* at 234. We find no reason to depart from our recent precedent in *McGugan*, and we therefore affirm the district court's dismissal of Andersen's federal claims.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4